JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
DAVID C. KIEBLER
Nevada Bar No. 16724
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *DKiebler@GGTrialLaw.com*

Attorneys for Plaintiff
Jametria Mays

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMETRIA MAYS, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1) NEGLIGENT SUPERVISION & RETENTION;** |
| CIRCLE TPR HOLDINGS, LLC, a Nevada limited liability company; G&A OUTSOURCING, LLC, a Texas limited liability company, | **(2) DISCRIMINATION (N.R.S. § 613.330);** |
| | **(3) DISCRIMINATION (42 U.S.C. § 2000e *et seq.*);** |
| Defendants. | **(4) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| | **(5) DISCRIMINATION (42 U.S.C. § 1981);** |
| | **(6) HARASSMENT (N.R.S. § 613.330);** |
| | **(7) HARASSMENT (42 U.S.C. § 2000e *et seq.*);** |
| | **(8) HARASSMENT (42 U.S.C. § 12112 *et seq.*);** |
| | **(9) RETALIATION (N.R.S. § 613.340);** |
| | **(10) RETALIATION (42 U.S.C. § 2000e *et*** |

-1-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

*seq.*);

(11) **RETALIATION (42 U.S.C. § 12203 *et seq.*);**

(12) **RETALIATION (42 U.S.C. § 1981);**

(13) **FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);**

(14) **FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));**

(15) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

Plaintiff Jametria Mays ("Plaintiff" or "Ms. Mays ") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1981, 42 U.S.C. § 12112 *et seq*., and 42 U.S.C. § 12203 *et seq.*

2. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

## NATURE OF THE ACTION

4. Ms. Mays began working for Defendants as a Full Charge Bookkeeper in November 2024. Her employer knew of her serious disabilities yet repeatedly refused to accommodate them. Ms. Mays, a Black woman, earned less than a white coworker in the same role. After complaining of race and disability discrimination, Ms. Mays faced harassment from her supervisor. On or about July 9, 2025, Defendants terminated Ms. Mays's employment in discrimination based on her race,

color, sex, and disability, and in retaliation for her protected activity.

**PARTIES**

5. Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

6. Defendant Circle TPR Holdings, LLC is a Nevada limited liability company that conducts business in Clark County.

7. Defendant G&A Outsourcing, LLC is a Texas limited liability company that conducts business in Clark County.

8. Defendants Circle TPR Holdings, LLC and G&A Outsourcing, LLC will be hereafter collectively referred to as "Defendants."

**FACTUAL ALLEGATIONS**

9. On or about November 18, 2024, Ms. Mays began working as a Full Charge Bookkeeper for Defendants.

10. Throughout her employment, Ms. Mays suffered from a number of documented disabilities, including Generalized Anxiety Disorder, Panic Disorder, Post-Traumatic Stress Disorder, Adjustment Disorder, Major Depressive Disorder, Chronic Cervical Sprain, and a Superior Labral Tear of the right shoulder.

11. Ms. Mays, who is Black, was paid substantially less than a white coworker who performed substantially similar work.

12. When Ms. Mays raised concerns about discriminatory treatment and an unlawful workplace directive to discount an employee's wages, Defendants took no corrective action.

13. Ms. Mays's supervisor subjected her to a sustained hostile work environment based on her race, sex, and disability. Ms. Mays reported this conduct to senior management, but Defendant again failed to remedy the issues.

14. On or about June 24 and 25, 2025, Ms. Mays formally submitted a written ADA Reasonable Accommodation Request identifying her disabilities and requesting accommodations. Defendants failed to engage in an interactive process, and the requests were not enacted.

15. On July 9, 2025, Defendants terminated Ms. Mays's employment in discrimination based on her race, color, sex, and disability, and in retaliation for her protected activity.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

16. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Mays is a Black woman who, at all relevant times, suffered from serious psychiatric and physical disabilities, including Generalized Anxiety Disorder, Panic Disorder, Post-Traumatic Stress Disorder, Adjustment Disorder, Major Depressive Disorder, Chronic Cervical Sprain, and a Superior Labral Tear of the right shoulder. Ms. Mays engaged in protected activity by complaining internally about race and disability-based discrimination and harassment, taking intermittent disability leave, and requesting reasonable accommodations for her disabilities.

17. On March 27, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 27, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

18. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

19. *Reckless Indifference and Conscious Disregard*: Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

20. *Malice*: The conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC was committed with malice, including that (a) Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22.    *Fraud:* In addition, and/or alternatively, the conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as alleged, was fraudulent, including that Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

23.    Further, Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Negligent Supervision & Retention

### (Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)

24.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

25.    Plaintiff was employed by Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC.

26.    Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

27.    Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance

with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

28.     As a direct and proximate result of the actions of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

29.     Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

30.     The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)

31.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

32.     Plaintiff was employed by Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

-6-

33. The acts and omissions of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

34. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

35. Plaintiff charges that Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC discriminated against the Plaintiff based on her protected status or statuses.

36. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

37. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

38. The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

### THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A**

**Outsourcing, LLC)**

39. The allegations set forth in preceding paragraphs are re-alleged and incorporated

-7-

herein by reference.

40.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

41.     Plaintiff was an employee of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as defined by 42 U.S.C. § 2000e(b). Employers are barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

42.     Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

43.     The discriminatory acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

44.     The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

45.     Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**FOURTH CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)**

46.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

47.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

48.     Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

49.     Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

50.     Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

51.     Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

52.     The discriminatory acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

53.     The discriminatory acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

54.     The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and

-9-

malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

55. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## **FIFTH CLAIM FOR RELIEF**

### **Discrimination in Violation of 42 U.S.C. § 1981**

### **(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)**

56. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

57. Plaintiff was employed by Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC.

58. Employers, as defined by 42 U.S.C. § 1981(c), are prohibited from discriminating against any person with respect to the persons compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in 42 U.S.C. § 1981. Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

59. Plaintiff is within the class of persons that 42 U.S.C. § 1981(a) intends to protect, and termination of employment on the basis of discrimination is the type of injury prohibited by 42 U.S.C. § 1981.

60. Plaintiff charges that Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC discriminated against the Plaintiff because of her race and color.

61. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful race and color discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial,

mental and emotional injury, pain and distress.

62.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs and attorneys' fees under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(k).

63.    The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

### SIXTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)**

64.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

65.    Plaintiff was employed by Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC.

66.    The acts and omissions of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

67.    Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

68.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

-11-

69. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

70. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

71. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

72. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC had a duty to prevent and promptly correct the harassing behavior. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC similarly breached its duty by failing to remedy the harassment.

73. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

74. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

75. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**SEVENTH CLAIM FOR RELIEF**

**Workplace Harassment in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)**

76. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

77. Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

78. Plaintiff was an employee of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as defined by 42 U.S.C. § 2000e(b). Employers are barred from discriminating against any person or creating an abusive or hostile work environment on the basis of a protected status as set forth in 42 U.S.C. § 2000e-2(a)(1).

79. Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

80. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

81. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

82. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

83. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC had a duty to prevent and promptly correct the harassing behavior. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC similarly breached its duty by failing to remedy the harassment.

-13-

84. The acts alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

85. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

86. Plaintiff has incurred and will continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## EIGHTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of 42 U.S.C. § 12112 *et seq.***

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)**

87. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

88. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

89. Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on disability.

90. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from harassing qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

91. Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her disability.

92. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

93. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

94. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

95. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC had a duty to prevent and promptly correct the harassing behavior. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC similarly breached its duty by failing to remedy the harassment.

96. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

97. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

98. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**NINTH CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A**

**Outsourcing, LLC)**

99.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

100.    Plaintiff was employed by Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC.

101.    Plaintiff engaged in protected activity.

102.    Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC was aware of Plaintiff's protected activity.

103.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

104.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

105.    The conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

106.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

107.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant

to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**TENTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A**

**Outsourcing, LLC)**

108.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

109.    Plaintiff is a member of the classes of persons protected by federal statutes prohibiting discrimination and harassment based on a protected status.

110.    Plaintiff was an employee, as defined by 42 U.S.C. § 2000e(b),(f) of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC.

111.    Employers, such as Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 2000e et seq.

112.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 2000e *et seq*.

113.    As a result of Plaintiff's complaints regarding, and opposition to, these unlawful practices, Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

114.    The conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment.

115.    The conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

116. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

117. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## ELEVENTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 12203 *et seq.*

### (Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)

118. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

119. Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

120. Plaintiff was an "employee" of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as defined by 42 U.S.C. § 12111(4).

121. Employers, such as Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well as against any person for requesting an accommodation as provided under the same the statute.

122. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq.* and/or requested an accommodation as provided under the same statute.

123. As a result of Plaintiff's complaints regarding, opposition to, and/or requests for

-18-

accommodation related to these unlawful practices, Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

124.    The conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

125.    The conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,  in an amount according to proof at trial.

126.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**TWELFTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 1981**

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A**

**Outsourcing, LLC)**

127.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

128.    Plaintiff was employed by Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC.

129.    Employers, as defined by 42 U.S.C. § 1981(c), are prohibited from retaliating against any person for opposing race discrimination in the workplace and/or by complaining internally about the discriminatory treatment of another employee based on race.

130.    The acts and omissions of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as more fully set forth herein, constituted retaliation within the meaning of 42 U.S.C. § 1981.

131.    Plaintiff is within the class of persons that 42 U.S.C. § 1981(a) intends to protect,

-19-

and a retaliatory termination of employment is the type of injury prohibited by 42 U.S.C. § 1981.

132. Plaintiff engaged in protected activity by reporting race discrimination.

133. Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC was aware of Plaintiff's protected activities.

134. After engaging in protected activities, Plaintiff suffered an adverse employment action. In particular, Plaintiff's employment was terminated.

135. There is a causal connection between Plaintiff's protected activity and the adverse employment action, as the termination of Plaintiff's employment occurred shortly after Plaintiff engaged in protected activities.

136. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful retaliation, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

137. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs and attorneys' fees under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(k).

138. The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

/ / /

/ / /

/ / /

/ / /

-20-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**THIRTEENTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A**

**Outsourcing, LLC)**

139.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

140.    Plaintiff was employed by Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, as defined by N.R.S. § 613.310.

141.    Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

142.    Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

143.    Plaintiff requested reasonable accommodation for her disability.

144.    Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC failed to provide reasonable accommodation for Plaintiff's disability.

145.    The failure of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

146.    The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

147.    The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in

-21-

an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

148.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FOURTEENTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)**

149.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

150.    Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

151.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

152.    Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

153.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

154.    Plaintiff requested reasonable accommodation for her disability.

155.    Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC failed to provide reasonable accommodation for Plaintiff's disability.

156.    The failure of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

157.    The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental

and physical pain and anguish, in an amount according to proof at trial.

158.    The acts of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC, and to make an example of and deter Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC from engaging in such conduct in the future.

159.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

160.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### FIFTEENTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(Plaintiff Jametria Mays against Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC)**

161.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

162.    By its actions described hereinabove, Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

163.    The conduct of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

anxiety in an amount subject to proof at trial.

164.    The actions of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendants Circle TPR Holdings, LLC, and G&A Outsourcing, LLC were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

165.    Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-24-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.     Emotional distress damages;

3.     Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.     For an award of reasonable attorneys' fees and costs incurred in this action;

5.     For pre-judgment and post-judgment interest, as provided by law; and

6.     For other and further relief as the Court may deem just and proper.


DATED: March 30, 2026                    GREENBERG GROSS LLP


                                    By:    */s/ Jemma E. Dunn*
                                           Jemma E. Dunn
                                           Matthew T. Hale
                                           David C. Kiebler

                                           Attorneys for Plaintiff
                                           Jametria Mays

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff Jametria Mays hereby demands a jury trial.


DATED: March 30, 2026　　　　　　　　GREENBERG GROSS LLP



By:　*/s/ Jemma E. Dunn*
　　　Jemma E. Dunn
　　　Matthew T. Hale
　　　David C. Kiebler

　　　Attorneys for Plaintiff
　　　Jametria Mays

-26-